UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NATCH BLACK, 94-A-7733,

                             Plaintiff                 DECISION AND ORDER

-vs-
                                              03-CV-6155 CJS

GLENN S. GOORD, et al.,

                             Defendants

_____

APPEARANCES

For Plaintiff:                   Natch Black, *pro se*
                                   DIN No. 94-A-7733
                                   Southport Correctional Facility
                                   P.O. Box 2000
                                   236 Institution Road
                                   Pine City, NY 14871-2000

For Defendants:            Gary Levine, Esq.
                                     Assistant Attorney General of Counsel
                                   NYS Office of the Attorney General
                                   144 Exchange Boulevard, Suite 200
                                   Rochester, New York 14614

INTRODUCTION

This is an action in which prison inmate Natch Black ("Plaintiff") alleges that defendants, all of whom were employees of the New York State Department of Correctional Services ("DOCS"), violated his federal constitutional rights over a three-year period by requiring him to wear full mechanical restraints whenever he left his prison cell. Now before the Court is Defendants' motion for summary judgment [#35] and Plaintiff's cross-motion for the same relief [#41]. For the reasons discussed below, Plaintiff's application is denied, Defendants' application is granted, and this action is dismissed.

1

BACKGROUND

At all relevant times, Defendants were employed as follows:  Glenn S. Goord ("Goord") was Commissioner of DOCS, Donald Selsky ("Selsky") was DOCS's Director of Special Housing Units ("SHUs"), Michael McGinnis ("McGinnis") was Superintendent of Southport Correctional Facility ("Southport") where Plaintiff was housed, Richard C. Morse ("Morse") was Southport's Deputy Superintendent for Security, Michael Corcoran ("Corcoran") was Southport's Deputy Superintendent of Administration, and Rocky Hazelton ("Hazelton") and William Wilcox ("Wilcox") were Corrections Captains at Southport. Southport is an all-SHU maximum security facility, meaning that inmates remain in their solitary-confinement cells 23 hours per day, with one hour for outside exercise.

Prior to June 1997, Plaintiff was sent to Southport's SHU after having been convicted of assaulting staff and possessing a weapon at Auburn Correctional Facility ("Auburn"). In June 1997 at Southport, Plaintiff was convicted at a disciplinary hearing of assaulting an inmate with a razor blade, fighting, possessing a weapon, interfering with an employee, and refusing a direct order. For his sentence, Plaintiff received an additional 48 months in the SHU. In addition, Plaintiff was placed under a Full Restraint Order, requiring that he be placed in "full restraints," i.e., handcuffed behind his back, with waist chain and leg irons, anytime he left his cell, including during his daily exercise period.  The Full Restraint Order was imposed pursuant to DOCS regulations in effect at the time, which stated:

> Any inmate assigned to an SHU who has a history of assaultive behavior and/or who presents a threat to the safety or security of himself/herself, other persons, or State property may be placed under a restraint order . . . by the deputy superintendent for security . . . .
>
> ***
>
> A restraint order will be valid for no more than seven days and may be renewed by the deputy superintendent for security or, in his/her absence, the

O.D. or higher ranking authority.

***

A copy of the restraint order and any renewal thereafter must be forwarded to the superintendent and inmate within 24 hours.  The order and any renewal thereafter must briefly state the reason(s) for the order or renewal and contain the following notice to the inmate: 'You may write to the deputy superintendent for security or his/her designee to make a statement as to the need for continuing the restraint order.'

7 NYCRR § 305.3 (1993).

Plaintiff remained under the Full Restraint Order for three years, from June 1997 until July 2000.  During this period, Plaintiff's restraint order was renewed weekly. (*See*, Morse Declaration, Ex. E).   Reviewing officials indicated, in that regard, that renewal of the restraint order was appropriate given Plaintiff's disciplinary record, which included assaulting an inmate with a weapon on June 14, 1997, attempting to smuggle a weapon into the exercise yard in June 1998, throwing feces on an inmate in August 1998, and interfering with a search/frisk in May 1999. *Id*.

During the relevant three-year period, Plaintiff sought the removal of the Full Restraint Order through the Inmate Grievance Program by writing letters to DOCS officials and by filing inmate grievance complaints.  Plaintiff sent several letters to Morse requesting that the Full Restraint Order be lifted, or that he be transferred to another facility.  Morse apparently referred Plaintiff's letters to McGinnis, who  responded, essentially, that full restraints were appropriate given Plaintiff's history of assaultive behavior.   Plaintiff also wrote to Selsky, who replied that his staff had investigated Plaintiff's complaint and determined that Plaintiff's "restraint order status [was] being administered in accordance with Departmental policy."  Plaintiff subsequently filed three grievances, numbered 17829-00, "Duplicate" 17829-00, and 18506-00, which were filed on January 16, 2000, January 25,

3

2000, and April 11, 2000, respectively.  As the dates indicate, the grievances were filed toward the end of Plaintiff's three-year stint on full restraints.  In all three grievances, Plaintiff basically complained that the Full Restraint Order was no longer necessary, as shown by his "good" behavior.[1]  The grievances were dismissed purportedly because they involved disciplinary matters that cannot be resolved through the Inmate Grievance Program.

On April 25, 2000, Plaintiff commenced an action in this court, under Index Number 00-CV-6182, against the same individuals named here, that is, Goord, Selsky, McGinnis, Morse, Corcoran, Hazelton, and Wilcox.  Suing pursuant to 42 U.S.C. § 1983, Plaintiff asserted, *inter alia*, two claims: 1) that Defendants violated the Eighth Amendment prohibition against cruel and unusual punishment by requiring him to wear full restraints whenever he left his cell, including during his exercise period; and 2) that Defendants violated the Fourteenth Amendment Procedural Due Process guarantee by "arbitrarily confining [him] to full restraint [status] without conducting proper and adequate review of his status . . . [and] without hearing and notice."  Plaintiff maintained that the Full Restraint Order was cruel and unusual punishment primarily because it prevented him from exercising during his one our of outdoor recreation.  Additionally, Plaintiff maintained that his placement in full restraints during his exercise period caused him to suffer "serious pains, including cramps and numbness in his shoulder joints, arms, fingers, waist area, and ongoing serious shoulder and lower back problems."  Plaintiff further claimed that his

---

[1]Plaintiff acknowledged that he had received several more disciplinary infractions during that period, but argued, nevertheless, that they were separated by long periods of better behavior, and that overall, he had made a "positive adjustment."

continued placement on full restraints violated Due Process because he "posed no threat or risk."   Subsequently, this Court determined that Plaintiff had not exhausted his administrative remedies before commencing the action, as required by 42 U.S.C. § 1997e, and consequently, on November 12, 2002, the Court dismissed the action without prejudice.

On April 3, 2003, Plaintiff filed the subject action after having made efforts to administratively exhaust his claims.   Plaintiff is suing the same defendants and asserting the same claims as in the previous action.   Plaintiff applied for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.   On August 18, 2003, the Court granted the application, and directed the Clerk of the Court to cause the U.S. Marshal to serve the summons and complaint on Defendants. (Order [#3]).   Service on Defendants was completed in December 2003.

Following completion of discovery, Defendants filed the subject summary judgment motion.[2] Defendants contend that Plaintiff's claims are untimely and unexhausted, and that they lack merit.   Alternatively, Defendants maintain that they are entitled to qualified immunity. In response, Plaintiff filed papers designated as a cross-motion for summary judgment [#41].   In response, Plaintiff argues that his claims are timely and exhausted, that DOCS' full restraint policy constitutes cruel and unusual punishment, and that Defendants violated his procedural due process rights by renewing the full restraint orders.   The Court has reviewed the parties' submissions and the entire record in this action.

DISCUSSION

*Summary Judgment Standard*

---

[2]Defendants provided the *pro se* Plaintiff with the *Irby* notice required by Local Rule 56.2.

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970).  "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e);  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).  To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").  Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable

trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).  The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e).  The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Moreover, since Plaintiff is proceeding pro se, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

     *42 U.S.C. § 1983*

     Pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). To be liable for money damages under 42 U.S.C. § 1983, a defendant must have been personally involved in the alleged constitutional deprivation. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).  Personal involvement by a supervisory official may be shown by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Id*.(citations omitted).  A plaintiff may not rely upon the doctrine of *respondeat superior* to

establish supervisory liability under 42 U.S.C. § 1983. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978).

*Statute of Limitations*

Claims brought under 42 U.S.C. § 1983 have a three-year statute of limitations. *McKithen v. Brown*, 481 F.3d 89, 100 n.12 (2d Cir. 2007).   Defendants concede that Plaintiff's first action, 00-CV-6182, which was dismissed without prejudice on November 12, 2002, was timely commenced.   However, they contend that this action is untimely.   The Court disagrees.   Pursuant to New York Civil Practice Law and Rules ("CPLR") § 205(a), which the Court must apply, Plaintiff had six months from the dismissal-without-prejudice of his prior lawsuit to commence this action, which he did. *See, Barad v. Comstock*, No. 03-CV-0736E(Sc), 2004 WL 1573999 at *2 (Jun. 4, 2004).   Although Defendants were not served with the summons and complaint within six months of the dismissal, as additionally required by CPLR § 205, that fact is not determinative, since the *pro se* incarcerated Plaintiff was relying upon the Court and the Marshal's Service to effect service. *Rivera v. Pataki*, No. 04 Civ. 1286 (MBM), 2005 WL 407710 at *15 (S.D.N.Y. Feb. 7, 2005).   On this point, the Court notes that, due to no fault of Plaintiff, his application to proceed *in forma pauperis* was not decided until more than six months after his prior case was dismissed. Consequently, the motion to dismiss this action as untimely is denied.

*Exhaustion of Administrative Remedies*

Prisoners may not sue under Section 1983, or any other federal law, to challenge prison conditions unless they first exhaust their administrative remedies. 42 U.S.C. § 1997e(a).  This "exhaustion requirement is designed to afford corrections officials time and

opportunity to address complaints internally before allowing the initiation of a federal case," and consequently, to properly exhaust a claim, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (citation omitted). Here, Plaintiff contends that Defendants violated his Eighth Amendment rights by preventing him from exercising and by forcing him to wear restraints that were painful. Further, he contends that Defendants violated his Fourteenth Amendment procedural due process rights by renewing his full restraint orders without giving due consideration to his disciplinary record. The Court agrees with Defendants, however, that Plaintiff failed to administratively exhaust these claims. On this point, Plaintiff's grievances merely complained about the overall length of his time on full restraints. None of his grievances give any hint of a complaint about an inability to exercise or to pain being caused by the restraints, nor do they suggest a lack of due process. Although with regard to pain, Plaintiff indicated during his deposition that he also made some oral complaints, that does not satisfy the exhaustion requirement of 42 U.S.C. § 1997e where, as here, he had access to the Inmate Grievance Program. *See, Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004). Consequently, Defendants are entitled to summary judgment.

*Eighth Amendment Exercise Claim*

Even assuming *arguendo* that Plaintiff had exhausted his exercise claim, he has not demonstrated a constitutional violation. Although Plaintiff contends that he could not "exercise" while wearing restraints during his one hour of out-of-cell exercise each day, he admits that he could walk, which is sufficient for Eighth Amendment purposes. *See, Morgan*

*v. Rowland*, No. 3:01CV1107(CFD), 2006 WL 695813 at *8 (D.Conn. Mar. 17, 2006) ("Although he was in full restraints and could not exercise vigorously in the recreation yard, [the plaintiff] was able to walk about. [The plaintiff] was also not restrained in his cell."); *Dabney v. McGinnis*, No. 97-CV-489A, 2006 WL 1285625 at *5 (May 9, 2006) (Accord).

*Procedural Due Process Involving Renewals of Full Restraint Order*

Further assuming, *arguendo*, that Plaintiff had exhausted his procedural due process claim, his procedural dupe process claim lacks merit.  At most, Plaintiff relies on his own opinion that Defendants failed to give proper weight to his "positive adjustment" while on full restraints.  However, Plaintiff had an extensive record of violence, and continued to commit further disciplinary violations while on full restraints, such as throwing feces on a fellow inmate.  In any event,  Plaintiff's restraint status was reviewed on a weekly basis, and he was entitled to write to the Deputy Superintendent of Security to argue for the removal of the full restraints, which he did.  Additionally, Plaintiff had the option of filing an Article 78 Proceeding.  Consequently, the Court finds that Plaintiff was provided with sufficient due process. [3] *See, Dawes v. Coughlin*,  964 F.Supp. 652, 658 (N.D.N.Y. 1997) ("It has been held that the daily review of deprivation orders, the availability of the inmate grievance program, and the fact that an inmate has a judicial remedy to challenge deprivation orders, and restraining orders, under CPLR article 78 clearly provide due process of law.") (citation omitted), *aff'd* 159 F.3d 1346 (2d Cir. 1998); *see also, Kemp v. LeClaire*, No. 03-CV-844S, 2007 WL 776416 at *8 (W.D.N.Y. Mar. 12, 2007).

---

[3]To the extent that Plaintiff also may be attempting to assert an equal protection claim, by alleging that other inmates were treated more favorably, he has not shown that he and the other inmates were similarly situated.

CONCLUSION

Plaintiff's application for summary judgment [#41] is denied, Defendants' motion for summary judgment [#35] is granted, and this action is dismissed.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      Rochester, New York
            October 19, 2007

                                    ENTER:


                                    /s/ Charles J. Siragusa_____
                                    CHARLES J. SIRAGUSA
                                    United States District Judge